UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

| | | |
|---|---|---|
| CORNELL SPRATT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:05-cv-120 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| LIVING WAYS, INC., et al., | ) | |
| | ) | **ORDER OF DISMISSAL** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by a *pro se* plaintiff. Plaintiff's complaint alleges that he moved into housing maintained by defendant Living Ways, Inc. in December of 2004. Plaintiff alleges that he slipped down the basement stairs in January of 2005 because there were no lights. He asserts that he broke his right great toe and has suffered pain and disability since that time.

Plaintiff identifies himself as a resident of Kalamazoo, Michigan. Although plaintiff's complaint does not identify defendants or their citizenship, the court can take judicial notice of the fact that defendant Living Ways, Inc. is a Michigan not-for-profit corporation that operates specialized residential facilities for adults with mental illnesses or developmental disabilities. Defendant Hope Network is likewise a Michigan nonprofit corporation devoted to assisting the disabled and disadvantaged. The court assumes that the third named defendant, David Purtruri, is employed by one of the corporate defendants.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the

Dockets.Justia.com

court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying this standard, the court determines that plaintiff's complaint must be dismissed. The federal courts are courts of limited jurisdiction. *See Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005). They may only entertain civil actions arising under the federal Constitution or laws, 28 U.S.C. § 1331, or actions between parties of completely diverse citizenship involving the requisite amount in controversy. 28 U.S.C. § 1332. Plaintiff's *pro se* complaint does not allege any claim arising under federal law. The personal injury claim set forth in the complaint arising from a slip and fall appears to be a state-law tort claim. Further, plaintiff does not allege that any of the defendants acts under color of state law within the meaning of 42 U.S.C. § 1983. Finally, plaintiff has not alleged complete diversity of citizenship, nor could he. All parties appear to be citizens of the State of Michigan.

This court must therefore dismiss the captioned case for lack of jurisdiction. Plaintiff is free to reinstitute his case in the state courts of Kalamazoo County, which appear to be the proper forum for this case. Accordingly:

IT IS ORDERED that the captioned case be and hereby is DISMISSED for lack of jurisdiction.


Date:    November 2, 2005          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE